# EXHIBIT

# 3

# IN THE COURT OF APPEAL OF THE
# DEMOCRATIC SOCIALIST REPUBLIC OF SRI LANKA

In the matter of an application for mandates in the nature of Writs of Certiorari and Mandamus in terms of Article 140 of the Constitution of the Democratic Socialist Republic of Sri Lanka

CA (Writ) Application No. 416 / 2017

Jaliya Wickramasooriya,

6525,

Riada Ct, MC Donough,

GA 30253,

USA.

**PETITIONER**

2

-Vs-

1. Hon. Thilak Marapana,

   Minister of foreign affairs,

   Colombo 01.

2. Prasad Kariyawasam,

   Secretary,

   Ministry of foreign affairs,

   Colombo 01.

3. Hon. Attorney General,

   Attorney General's

   Department,

   Colombo 12.

**RESPONDENTS**

3

**Before:**   P. Padman Surasena J (P/CA)

A. L Shiran Gooneratne J

Counsel:   Romesh De Silva PC with Shavindra Fernando PC, Sanjeewa Weerawickrema, Manjuka Fernandopulle, and Niran Anketell for the Petitioner.

Yasantha Kodagoda PC Additional Solicitor General with Vickum De Abrew DSG and Yuresha De Silva SSC for the Respondents.

Supported on : 2018 - 02- 06 and 2018 - 02 - 15

Decided on   : 2018 - 03 - 29

ORDER

**P Padman Surasena J (P/CA)**

Petitioner in this application has prayed inter alia, for

I.   a mandate in the nature of a writ of certiorari to quash the decision contained in the document produced marked **P 12**.

4

II. a mandate in the nature of a writ of Mandamus to compel the 1st and/or the 2nd Respondents to write to the Government of United States of America, informing that the Petitioner continues to enjoy all the diplomatic privileges and immunities in terms of Vienna Convention on Diplomatic Privileges and Immunities, in respect of acts performed by him in exercise of his functions as the Ambassador Extraordinary and Plenipotentiary of Sri Lanka to the United States of America and United Mexican States.

The document marked P 12 is same as the document produced by the Respondents marked 2 R 8. It is the position of the Respondents that the document marked 2 R 8 is the reply to the request made by the embassy of the United States of America, produced marked 2 R 7.

Perusal of the document marked 2 R 7 reveals the followings,

i. The Petitioner being the former Ambassador to the United States of America is under investigation for the misappropriation, theft and embezzlement of public funds by a public official and the related laundering of those funds.

5

ii. The Petitioner is alleged to have falsely inflated the sale price of the Sri Lankan embassy premises by approximately US dollars 332,000.

iii. The Petitioner is alleged to have laundered these funds via shell companies in violation of the US money laundering and wire fraud laws.

iv. The United States Attorney's Office has asked the Department of State to request the assistance of the Government of the Democratic Socialists Republic of Sri Lanka with regard to the above investigation.

v. The US embassy had accordingly requested a waving off an immunity of the Petitioner via a diplomatic note.

Operative part of the document marked 2R 8 (P 12) is as follows, "... The Ministry of Foreign Affairs wishes to assure the assistance of the Government of the Democratic Socialists Republic of Sri Lanka with ongoing investigations of Mr. Wickremasooriya and accordingly waive off any immunity Mr. Wickremasooriya enjoys with regard to such investigations, including but not limited to testimonial immunity and immunity from the criminal, administrative and civil jurisdiction of the United States...."

6

The wordings in the 1st and the 3rd paragraphs of this letter also show clearly that this is a communication provided on behalf of the Democratic Socialists Republic of Sri Lanka.

Learned Additional Solicitor General drew the attention of this Court to paragraph 10 of the affidavit filed by the 2nd Respondent before this Court. According to the said paragraph, it is the position of the 2nd Respondent that he had taken steps to inform the embassy of the United States of America by way of *Note Verbal* dated 2017-10-23 that the immunity conferred on the Petitioner was waived pursuant to the instructions he had received from His Excellency the President of the Democratic Socialists Republic of Sri Lanka. It was in that backdrop that the learned Additional Solicitor General raised a preliminary issue against the maintainability of this application in this Court.

Article 33 (2) (d) of the Constitution of the Democratic Socialists Republic of Sri Lanka (hereinafter referred to as the Constitution) states that in addition to the powers, duties and functions expressly conferred or imposed on, or assigned to the President by the Constitution or other written law, the President shall have the power 'to receive and recognize,

7

and to appoint and accredit, Ambassadors, High Commissioners, Plenipotentiaries and other diplomatic agents'.

Article 35 of the Constitution states thus " ... While any person holds office as President of the Republic of Sri Lanka, no civil or criminal proceedings shall be instituted or continued against the President in respect of anything done or omitted to be done by the President, either in his official or private capacity... "

This Court observes that the said Article has not excepted the power of this Court vested in it by Article 140 as it only provides for any person to make an application under Article 126 against the Attorney-General, in respect of anything done or omitted to be done by the President, in his official capacity. That is also subject to its limitations mentioned in its second proviso.

The wordings in Article 140 is couched in such a way that the said Article is (unlike Article 126) "subject to the provisions of the Constitution".

The Petitioner has taken up the position that the impugned decision is not a decision made by H. E. the President. However, in the light of the legal provisions referred to above and the affidavit filed by the 1st Respondent,

8

this Court is satisfied that it is a decision taken by His Excellency the President that the Petitioner in a circuitous way is challenging in this application.

There is a general rule in the construction of statutes that what a court or a person is prohibited from doing directly, cannot be done indirectly or in a circuitous manner.[1]

In these circumstances, it is the view of this Court that it has no jurisdiction to entertain the instant application.

This Application should therefore stand dismissed without costs.

PRESIDENT OF THE COURT OF APPEAL

A.L Shiran Gooneratne J

I agree,

JUDGE OF THE COURT OF APPEAL

---

[1] Bandaranayake Vs. Weeraratne & others 1981 (1) SLR 10 at 16.