**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **18-cr-120 (TSC)** |
| **v.** | : | |
| | : | |
| **JALIYA CHITRAN WICKRAMASURIYA** | : | |
| | : | |
| **Defendant.** | : | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

**All Materials**

1.      All materials previously provided, and to be provided, by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case and any employee or partner of their law firms) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed or retained, to assist in the defense; retained experts and consultants persons who are interviewed as potential witnesses; counsel for potential witnesses; and other persons to whom the United States or Court may authorize disclosure (collectively, "authorized persons"). Such authorization must be in writing to be effective.   Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without the written consent of the United States or prior permission of the Court.   No materials may be transported out of the United States or shared with anyone outside of the United States or with foreign government officials.

3

3.      The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons.    Such copies and reproductions shall be treated in the same manner as the original materials.    The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.   For any disclosure of materials made to an authorized person prior to the entry of this Order, defense counsel shall provide the authorized person with a copy of this Order within a reasonable period after entry.

5.      Upon conclusion of all stages of this case, including any appeals or petitions for certiorari, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court.    The Court may require a certification as to the disposition of any such materials.

6.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

## **Sensitive Materials**

7.      The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendant's discovery requests.   Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

8.      No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant; defense counsel; persons employed or retained to assist in the defense; or the person to whom the sensitive information solely and directly pertains, without the written consent and authorization of the United States or prior notice to the United States and authorization from the Court.   Absent the agreement of the parties or prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court,

and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

9.      Sensitive materials must be maintained in the custody and control of defense counsel.   Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant.   Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel must instruct the defendant not to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials.   Defense counsel must instruct the defendant that if the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

10.      The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.   No party shall disclose designated sensitive materials in open court without prior consideration by the Court.

11.      The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

## Scope of this Order

12.      **Modification Permitted.**   Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13.      **No Waiver**.   The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

14.      **No Ruling on Discoverability or Admissibility**.   This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this _____ day of _____, 2021.

5

_____
THE HONORABLE TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE